# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| ARTHUR COUNCIL, | : | Bankruptcy No. 05-32144DWS |
| Debtor. | : | |
| | : | |
| ARTHUR COUNCIL, | : | Adversary No. 05-0612 |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA, STEPHEN WEISS, 3917 ASSOCIATES, LLC, | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this 5th day of January 2006 upon consideration of the Motion of the City of Philadelphia ("City") to Dismiss Adversary Proceeding (the "Motion") and the Certificate of Concurrence of defendants Stephen Weiss ("Weiss") and 3917 Associates LLC ("Associates") (together "Weiss" and collectively with City, "Defendants") thereto;

**And** after notice and hearing at which the City presented certain documents to evidence its legal position that this Court has no jurisdiction over the claims presented by the above captioned adversary proceeding (the "Adversary");

**And** the Court therefore treating the Motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b), incorporated in bankruptcy by Fed.R.Bankr. 7012;[1]

**And** summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c);[2]

**And** the Court concluding from the record made that:

(1) Arthur Council ("Plaintiff" or "Debtor") seeks a declaratory judgment that (a) the City had no right to transfer title of 3917-27 Lancaster Avenue, Philadelphia, PA (the "Property") to Associates as assignee of Weiss who successfully bid on the Property at

---

[1] Accordingly Plaintiff was given the opportunity to present any material pertinent to the Motion being treated under Fed.R.Civ.P. 56.

[2] The party moving for summary judgment must overcome the initial burden of demonstrating the absence of a material question of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). The substantive law will determine which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Id. at 255. A court must find that the motion alleges facts which, if proven at trial, would require a directed verdict. 6 J. Moore, Moore's Federal Practice, ¶56.26 (2d ed. 1988). If so, the respondent "must set forth specific facts showing there is a genuine issue for trial," and may not "rest upon the mere allegations or denials of the pleading." Fed.R.Civ.P. 56(e). If the non-movant's evidence "is merely colorable, or is not significantly probative, summary judgement may be granted. Anderson, 477 U.S. at 250. However, as it is the moving party's burden to demonstrate the absence of genuine issues of material fact, even if the opposing party fails to file contravening affidavits or other evidence that establishes a genuine issue of material fact, summary judgment must still be warranted and will be denied where the movant's own papers demonstrate the existence of material factual issues. Drexel v. Union Prescription Centers, Inc., 582 F.2d 781, 790 (3d Cir. 1978) (*citing* Adickes v. S.H.Kress & Co., 398 U.S. 144, 159-61 (1990) (citations omitted). See Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985).

a sheriff's sale conducted on June 24, 2004, (b) Weiss' actions that resulted in the "return of writ" were illegal and fraudulent and "void ab initio," (c) Weiss and the City's actions in restoring Weiss' rights as bidder were illegal and fraudulent, and (d) Associates did not obtain title to the Property due to the illegal and fraudulent actions of Weiss and the City and the transfer of the Property is "void ab initio;"

(2) the gravamen of the Complaint is that Weiss' failure to perform the terms of his bid and the actions thereafter legally precluded him from securing a further writ of execution and settling with the Sheriff;

(3) a motion to return bid and Plaintiff's answer thereto were filed in the Court of Common Pleas of Philadelphia County ("State Court") on February 2 and 4, 2005, respectively, Exhibit Philly 2 and 4;

(4) on February 9, 2005 an Order was entered directing the Prothonotary to return the writ of execution to the Sheriff to permit settlement to be made by Weiss or his nominee, Exhibit Philly 2;

(5) on February 28, 2005 Natalie Carabello, Esq. appeared for Plaintiff and filed a motion for reconsideration, id.;

(6) on March 3, 2005 the Court per Judge Matthew Carrafiello denied the motion for reconsideration, id.;

(7) on March 10, 2005 Plaintiff filed an appeal of the March 3 Order to the Commonwealth Court, id.;

(8) accordingly on April 8, 2005 Judge Carrafiello lodged his opinion in support of the March 3 Order in which he recommended that the appeal be denied as untimely, Exhibit Philly 5;

(9) on April 13, 2005 the Property was sold to Associates, id.;

(10) on August 29, the appeal was dismissed by the Commonwealth Court, id.;

**And** Debtor having filed a Chapter 13 case *pro se*[3] on September 9, 2005 to stay his eviction from the Property which case was voluntarily converted to Chapter 7 on December 5, 2005;[4]

**And** the Court finding that the Complaint seeks to relitigate issues which have been resolved by a final judgment entered by the State Court;

**And** this Court having no jurisdiction over the Complaint by reason of the Rooker-Feldman doctrine which holds that a federal court may not review the final order of a state court, In re Knapper, 407 F.3d 573 (3d Cir. 2005);[5]

**And** Debtor's Response in Opposition to the Defendants' Motion for Summary Judgment and/or Dismissal of Plaintiffs' [*sic*] Adversary Complaint Filed in this Case

---

[3] Debtor lists Amid A. Rashid c/o the Center for Constitutional and Criminal Justice (the "Center") as his petition preparer and while nominally *pro se* all pleadings are signed by Debtor c/o the Center. See note 6 infra.

[4] Christine Shubert, Esquire was appointed the Chapter 7 trustee (the "Trustee"). The first meeting of creditors is to be held on January 6, 2006.

[5] As noted by the Knapper Court, "the Rooker-Feldman doctrine prohibits District [and Bankruptcy] Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." Id. at 580. In seeking a declaration that the actions taken by City, Weiss and Associates to secure the return of writ were illegal, the Complaint expressly requests me to determine that the State Court Order allowing the sale of the Property based on the challenged writ was incorrect. I have no power to do so.

Pursuant to 11, USC, Secs 105(a) and 548 ("Plaintiff's Post-hearing Brief)[6] arguing that the sheriff sale was a fraudulent conveyance, but the Complaint, although intoning § 548 in the caption, at best alleges a cause of action for actual fraud which is precluded and fails to state a claim for constructive fraud;[7]

It is hereby **ORDERED** that the Motion is **GRANTED**.[8]  Judgment is entered in favor of Defendants and against Plaintiff as a matter of law, this Court finding that the

---

[6] As noted above, the Complaint and various other pleadings filed in the Adversary, while signed by Plaintiff, were prepared by a representative of the Center.  While I am not familiar with this organization, it is practicing law in this case.  Whether an actual lawyer is doing the work (but failed to enter an appearance) is not clear.  A gentleman, perhaps Rashid but presumably from the Center, sought to speak for Debtor at the hearing.  His request was denied since he was not an attorney.  Fed.R.Bankr.P. 9011(a) (an authorized agent, attorney in fact or proxy may appear in a case and perform any act not constituting the practice of law); Kohlman v. Western Pennsylvania Hospital, 438 Pa. Super. 352, 358 (1994) (in court representation amounts to the practice of law).  He nonetheless monitored the arguments and presumably had a role in preparation of Plaintiff's Post-hearing Brief which now presses a cause of action under § 548 which I suggested was a type of action over which jurisdiction might exist.  While Debtor's pleadings urge leniency because of his *pro se* status, it is clear from Debtor's appearance at the hearing that his papers and arguments are being framed and memorialized by others not disclosed to this Court who possess legal knowledge and acumen.

[7] To the extent the Complaint can be read to allege actual fraud which may be grounds for avoidance under § 548(a)(1)(B), that cause of action is precluded under the Rooker Feldman doctrine.  See note 4 supra.  Plaintiff's Post-hearing Brief for the first time appears to claim constructive fraud which also may be grounds for avoidance under § 548.  The elements of this cause of action are (1) a transfer within one year of the filing of the petition; (2) receipt of less than reasonable equivalent value for such transfer and (3) insolvency on the date of the transfer (or debts beyond the debtor's ability to pay as they mature).  11 U.S.C. § 548(a)(1)(B).  However, none of these elements have been pled in the Complaint, nor do they appear in the record presented to the Court.

[8] Finding I have no subject matter jurisdiction over the Complaint on the basis of the Rooker-Feldman doctrine and that the Complaint does not otherwise state a cause of action under § 548 obviates the need to address the other grounds presented in the Motion by Defendants, including whether Debtor has standing to bring an action under §548.

Adversary No. 05-0612

record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party for the reasons stated above. <u>Mashusita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

Arthur Council
719 Yeadon Avenue
Yeadon, PA  19050-3513

Joseph DiGiuseppe, Esquire
Deputy City Solicitor
1 Parkway Building
1515 Arch Street, 15th Floor
Philadelphia, PA  19102-1595

Margaret Gairo, Esquire
123 South Broad Street
Suite 2080
Philadelphia, PA 19109

Christine Shubert, Esquire
10 Teaberry Drive
Medford, NJ  08055